IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ALEJANDRO D.V.,<br><br>Petitioner,<br><br>vs.<br><br>CHARLOTTE COLLINS, *et al.*,<br><br>Respondents. | Civil No. 1:26-cv-07001-MWJS<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS<br><br>A# 226-020-661 |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Luis Alejandro D.V.[1] petitions for a writ of habeas corpus under 28 U.S.C. § 2241. After he and his family experienced violence and extortion at the hands of the Tren de Aragua gang in 2023, Petitioner fled his home country of Colombia and arrived at the United States border on May 4, 2024. Dkt. No. 1, at pgs. 3-5; Dkt. No. 17-3, at pg. 3. Immigration authorities initially detained Petitioner, but ultimately released him on his own recognizance. Dkt. No. 1-3. And because an immigration officer must find that "'such release would not pose a danger to property or persons' and that the noncitizen is 'likely to appear for any future proceeding'" in order to release a detainee from ICE custody, that decision "reflect[ed] a determination by the government" that

[1] For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

Petitioner was "not a danger to the community or a flight risk." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025) (quoting 8 C.F.R. § 1236.1(c)(8)). The record reveals no reason to think otherwise today. To this day, Petitioner has no criminal history and no final order of removal.

In the years since his release, Petitioner has served as the sole financial provider for his family, including a long-term partner who is now three months pregnant and is experiencing complications. Dkt. No. 1, at pg. 5. And in May 2026, Petitioner filed applications for asylum and withholding of removal. Dkt. No. 1-4. But on June 21, 2026, Petitioner was pulled over by police in Hollywood Park, Texas, for an unspecified "traffic violation." Dkt. No. 17-3, at pg. 2. After police identified Petitioner as a "foreign-born national," they contacted Immigration and Customs Enforcement (ICE), which took Petitioner into custody. He has remained in immigration detention ever since. *Id*. So Petitioner invokes this court's habeas jurisdiction, contending that his arrest and detention, without any pre-deprivation process, violated his constitutional due process rights.[2]

---

[2] Petitioner was originally detained in the T. Don Hutto Detention Center in Taylor, Texas, and filed his petition for writ of habeas corpus in the United States District Court for the Western District of Texas. But after the petition was submitted, Petitioner was transferred to the Central Valley Annex, an ICE detention center located within the geographic confines of the Eastern District of California, and so the assigned district judge in the Western District of Texas transferred the case to the United States District Court for the Eastern District of California, where it was subsequently assigned to the undersigned district judge. Dkt. Nos. 12, 13.

Many district judges, both in this district and others, have granted petitions just like this one. *See Nepal S. v. Warden, Golden State Annex Detention Facility*, No. 1:26-cv-06126-MWJS, 2026 WL 2363564 (E.D. Cal. Aug. 13, 2026); *Carlos Eduardo D.J. v. Mullin*, No. 1:26-cv-04029-MWJS, 2026 WL 1508426 (E.D. Cal. May 29, 2026); *Maxo Ben G. v. Warden of the Mesa Verde Detention Facility*, 1:26-cv-03776-MWJS, 2026 WL 1457554 (E.D. Cal. May 21, 2026); *Alfredo T.H. v. Warden of the Cent. Valley Annex*, No. 1:26-cv-03179, 2026 WL 1455097 (E.D. Cal. May 22, 2026); *Sergio D.L.S. v. Warden, California City Corr. Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713 (E.D. Cal. Apr. 17, 2026). The court has considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent. The only question in this case, therefore, is whether there is any material distinction from those prior decisions.

The court issued an Order to Show Cause, calling on Respondents to identify "any factual or legal issues in this case that render it distinguishable from prior orders" such as the ones listed above. Dkt. No. 16. The court thanks Respondents for their timely response. Dkt. No. 17. In it, they maintain their position that Petitioner's arrest and detention was constitutional. But their response does not offer any basis for the court to conclude that there "are any factual or legal issues in this case that render it distinguishable from prior orders such as the ones listed above and justify denying the Petition." *See* Dkt. No. 16. The court therefore finds no compelling reason to reach a different conclusion in this case than in the cases discussed in its order to show cause.

Given the lack of any factual or legal issues in this case that would distinguish it from the prior orders that this court has found persuasive, IT IS HEREBY ORDERED that the petition for writ of habeas corpus (Dkt. No. 1) is GRANTED, for the reasons stated in those prior orders. Respondents are ORDERED to immediately release Petitioner Luis Alejandro D.V. (A# 226-020-661) from their custody. Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal, or in the event exigent or urgent circumstances arise that justify arresting and detaining Petitioner before pre-deprivation process can be provided.

The Clerk of Court is DIRECTED to close this case and enter judgment for Petitioner. This order resolves all pending motions.

IT IS SO ORDERED.

DATED: September 8, 2026, at Honolulu, Hawai‘i.

/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge